FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

07 DEC 18 AM 11: 30

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA, )
) 8:07CR429
Plaintiff, )
)
vs. ) PLEA AGREEMENT
)
HAWKINS CONSTRUCTION )
COMPANY, INC. )
)
Defendant. )

The United States of America, by and through the undersigned Assistant United States Attorney, the defendant, personally and by and through defendant's counsel, Blackwell Sanders, LLP, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.**   The defendant agrees to plead guilty to Count I of the Information, charging a violation of Title 33, United States Code, Section 407, that is, depositing refuse matter into a navigable water of the United States without a permit issued by the Army Corps of Engineers. By entering into the plea agreement, the defendant admits to committing this offense, and to being guilty of this offense.

**Applicability of the Sentencing Guidelines and Potential Sentence.**

2.   The defendant understands that the United States Sentencing Guidelines relating to the sentencing of organizations does not apply to the imposition of fines for environmental crimes. *See.* U.S.G. §8C2.1 (Commentary-Background). The defendant understands that the maximum amount of the fine to be twice the gross pecuniary gain derived from the crime or twice the gross pecuniary loss caused to the victim of the crime, 18 U.S.C. §3571(c)(5). The defendant understands that the penalty also includes a $125 mandatory special assessment, pursuant to 18 U.S.C. §3013(a)(B)(iii). The defendant understands that the Court may order a sentence of probation for up to five years.

3.   **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

The Nebraska Department of Roads (NDOR) is an agency of the State of Nebraska engaged in the construction, maintenance and improvement of roads and highways throughout the State, including Interstate-80. At all times material to this Information, HAWKINS was engaged in the construction of the Interstate-80 bridge over the Platte River under contract No. CN12312 with NDOR. HAWKINS subcontracted a portion of the work under contact No. CN12312 with another subcontractor.

During the months of February and March of 2006, HAWKINS and the contract under subcontract with HAWKINS discharged refuse into navigable waters of the United States along the west bank and the east bank of the Platte River in Sarpy County and Cass County, Nebraska, near the Northeast 1/4 of Section 9, Township 12 North, Range 10 West. Specifically, HAWKINS discharged dredged or fill material into the west bank of the Platte River, approximately 154 feet, and the subcontractor discharged dredged or fill material into the east bank of the Platte River, approximately 115 feet.

Prior to these events, NDOR obtained a permit to discharge dredged or fill material to the Platte River pursuant to Clean Water Act Section 404, 33 U.S.C. §1344, in association with construction of the I-80 bridge. A portion of the activities conducted by HAWKINS and the subcontractor exceeded the scope of the NDOR permit. Therefore, HAWKINS discharged refuse without obtaining the necessary authorizations from the Army Corps of Engineers, in violation of 33 U.S.C. §407, and Section 33 U.S.C. §411.

These violations gave rise to a civil enforcement action against HAWKINS and NDOR, which HAWKINS promptly settled with EPA. Specifically, EPA, HAWKINS and NDOR have agreed to HAWKINS's and NDOR's implementation of a "Supplemental Environmental Project" within the Lower Platte River Watershed having a value of $54,928.12 and related "Mitigation Project" within that area involving the acquisition of 10 acres of conservation easements for an additional amount not to exceed $100,000.00. This arrangement was arrived at without resort to litigation and represents the effort needed to fully

restore the area impacted and offset any environmental harm arising from the events described herein.

4. **Joint Sentencing Recommendation**.

The United States and the defendant jointly recommend that the Court:

(a) Order the defendant to pay, immediately upon sentencing, a fine in this case in the amount of Twenty-Five Thousand ($25,000.00) dollars. Should the Court disagree with the amount of the fine, Hawkins Construction Company Inc. Retains the right pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to withdraw its plea of guilty.

(b) Order the defendant to pay, immediately upon sentencing if it has not been paid before that time, the special assessment of $125 due under Title 18, United States Code, §3013(a)(B)(iii).

(c) The Court remains free to impose a term of probation for up to five (5) years. Further, the Court remains free pursuant to Rule 11 (c)(1)(B).

5. **Agreements by the United States**. In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Nebraska agrees to not file any additional charges against the defendant or its employees, agents and affiliates arising out of the facts forming the basis for the present Information. In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its term, the United States shall not be bound by this paragraph and may pursue and additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights

3

which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure §11(f), Federal Rules of Evidence, §410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Defendant's Agreements**. The defendant agrees to cooperate fully and truthfully with the United States as follows:

(a) Defendant agrees to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

(b) Defendant agrees to provide all information concerning the defendant's knowledge and participation in, the offenses charged in the information and all related conduct;

(c) Defendant agrees that if the United States determines the defendant has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this plea agreement and sentencing, or has otherwise violated any other provision of this plea agreement, the plea agreement may be voided and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the defendant during the course of the defendant's cooperation, or upon the derived therefrom, and this information may be used as evidence against the defendant. In addition, the defendant's previously entered plea of guilty will remain in effect and cannot be withdrawn.

7. **Sentence to be Determined by the Court**. The defendant understands that with the execution of the agreed upon fine of $25,000, the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not

4

made any promise or representation as to what sentence the defendant will receive.

8. **Withdrawal of Plea not Permitted**. The defendant understands that if the Court accepts this plea agreement as to the amount of the criminal fine but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

9. **Payment of Special Assessment**. The defendant understands that a mandatory special assessment of $125 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver to the clerk of the court payment in the appropriate amount at or before the time of sentencing. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 4(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

10. **Waiver of Appeal and Collateral Attack**. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. §3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the Court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C.§2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. §3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upwards from the applicable sentencing guideline range determined by the Court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. §3742(b),

the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. §3742(a).

11. **Waiver of FOIA Request**. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department of agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. §552, or the Privacy Act of 1974, Title 5, U.S.C. §552a.

12. **Waiver of Claim for Attorney's Fees**. The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. §3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13. **Full Disclosure by United States**. The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activity. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement**. The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Nebraska, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements**. The defendant has had sufficient time to discuss this

case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that its undersigned authorized representative, has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

UNITED STATES OF AMERICA
JOE W. STECHER
United States Attorney

12/14/07
Date

_____
MICHAEL P. NORRIS (#17765)
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

12/14/07
Date

by _____, President
HAWKINS CONSTRUCTION COMPANY, INC.,
DEFENDANT

12.14-07
Date

_____
STEVE GRASZ
ATTORNEY FOR DEFENDANT

KC-1558415-1